UNITED STATES of America

v.

William Guillermo MORALES,
Defendant.

No. 78 CR 414.

United States District Court,
E. D. New York.

Jan. 30, 1979.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Ethan Levin-Epstein, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Jesse Berman, New York City (Michael E. Deutsch, of counsel), for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

By memorandum and order dated November 21, 1978, 460 F.2d 668, the court denied the government's motion to defer the federal prosecution of this case until after the completion of defendant's state trial on charges arising out of the same incident. The court noted that, given the holding in *United States v. Oliver*, 523 F.2d 253, 261–62 (2d Cir. 1975), delay in the trial of a federal case is excusable under 18 U.S.C. § 3161(h)(1)(C) ("Delay Resulting from Trials with Respect to Other Charges"), only "for the period when defendant is actually on trial in the state court." Furthermore, in refusing to grant a continuance under § 3161(h)(8)(A), the court observed that "[w]hen balanced against the distinct possibility of delay in any state trial (*Oliver, supra* at 261), it is clear that the interests of the public and the defendant in a speedy trial of the federal charges must prevail."

By letter dated December 5, 1978, supported by an affirmation of John J. Santucci, District Attorney for Queens County, the government moved for reconsideration of the court's decision. At that time the court found no reason to alter the previous decision, noting that "there [was] no reason to suppose that the state case [would] be ready for trial before February 5, 1979, the date set for trial in this court." (*See* Memorandum and Order dated December 28, 1978.)

The government now requests that the court reconsider the deferral motion in light of recent developments in the state prosecution. In an affirmation dated January 19, 1979, District Attorney Santucci states that on January 16, 1979, the matter was heard before Mr. Justice Kenneth Browne in Part XX of the Supreme Court, Criminal Term, Queens County. At that time, the defendant advised the court that he would be represented by Dennis Cunningham, Esq. Mr. Cunningham agreed to the filing of motions by January 23, 1979 and agreed to be ready for trial on February 13, 1979. Mr. Santucci affirms that the People will be ready for trial on February 13, 1979.

Defendant, in a letter by his attorney, Michael E. Deutsch, dated January 23, 1979, urges the court to reject the government's application on grounds of "fundamental fairness" in view of defendant's reliance on the firm trial date of February 5 in preparing for trial in this court.

In addition, defendant has submitted a "Verified Petition And Brief . . . For Declaration Of His Status As A Prisoner Of War, And For Leave To Enter Defendant's Plea In Bar".*

Defendant claims that,

. . . by virtue of his own claim that he is a Prisoner of War, his complete dedication to the cause of unconditional independence to his country, the accusations against him by the U. S. authorities, and his maltreatment at the hands of his captors . . . (Defendant's "Verified Petition" at p. 25),

---

* A "plea in bar" is a common law plea setting forth matters which, if sustained, would destroy a right of action and bar its prosecution

he is entitled to be treated as a Prisoner of War in accordance with the *Geneva Convention, Relative to the Treatment of Prisoners of War* (1948) ("Geneva Convention") and the Additional Protocols to the Convention (1977).

The Geneva Convention is applicable only to "cases of declared war or of any other armed conflict" between parties to the Convention. (Article 2). Moreover, the Additional Protocols, which defendant claims expanded the Geneva Convention "to protect those fighting against colonialism and foreign domination", are not currently in force for the United States. (*See* Letter of Bernard J. Fried, Esq., Chief Assistant United States Attorney, dated January 24, 1979.)

■ Nevertheless, defendant maintains that this court should read the Ninth Amendment to the United States Constitution as incorporating "the Law of Nations and the Laws of War" as set forth in the Geneva Convention. The Ninth Amendment provides that

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

The court finds no basis in the Amendment for the position advanced by defendant.

■ Moreover, even assuming arguendo that the Additional Protocols were in some way binding upon this court, defendant has only "affirm[ed] generally his full commitment to the cause of Independence"; he has not claimed to be a member of the F.A.L.N. or any other group of "freedom fighters" involved in the alleged "War of National Liberation for the Independence of Puerto Rico." Thus, there is no basis for his claim of Prisoner of War status.

■ In his letter of January 23, 1979, Mr. Deutsch states that, in the event that his Prisoner of War claim is rejected by the court, it is defendant's intention to change his plea. Defendant's application to change

---

absolutely. *See United States v. Dornau*, 491 F.2d 473, 478 (2d Cir. 1974), cert. denied, 419 U.S. 872, 95 S.Ct. 132, 42 L.Ed.2d 111.

his plea will be considered by the court at a hearing on January 31, 1979 at 9:30 A.M. at which the parties are directed to appear.

In view of the possible plea change, there is no need to consider the government's deferral motion at this point. In the event defendant decides not to change his plea or the plea is not accepted by the court (*See* F.R.Crim.P. 11), the court will take the government's motion under advisement.

So ordered.